NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF THE VIRGIN ISLANDS

| | |
|---|---|
| Linda I. VALERINO, et al., | |
| Plaintiffs, | Civil No. 10-0123 (AET) |
| v. | **OPINION** |
| Eric H. HOLDER, Jr., in his official capacity as United States Attorney General, | |
| Defendant. | |

THOMPSON, U.S.D.J.[1]

   This matter has come before the Court upon Plaintiffs' Motion for Reconsideration [docket # 19-1][2] of this Court's decision to transfer venue to the Eastern District of Virginia. Defendant opposes the motion [20]. The Court has decided the motion upon the submissions of the parties and without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons detailed below, Plaintiffs' motion is denied.[3]

   A motion for reconsideration may be brought on three grounds: (1) an intervening change in controlling law, (2) evidence not previously available, or (3) to correct a clear error of law or prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 691 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *see also* Fed. R. Civ. P. 59(e). A motion for reconsideration is "not to be used as a means to argue matters already argued and disposed of[,]" nor is it an opportunity to "request that the Court simply rethink a decision it has

---

[1] Sitting by designation.
[2] Plaintiffs filed a Motion for Reconsideration [docket # 18] on June 16, 2011. In order to correct several errors contained in their initial submission, Plaintiffs filed on June 21 an Amended Motion for Reconsideration [19], which we treat as the relevant filing absent any objection from Defendant.
[3] The Court assumes the parties' familiarity with the facts giving rise to this dispute. A fuller recitation of the facts may be found in the Court's May 31 Opinion & Order granting Defendant's motion to transfer venue. (*See* Op. & Order, May 31, 2011) [10].

already made." *Antoine v. V.I. Port Auth.*, No. 01-0063, 2008 WL 2872176, at *1 (D.V.I. July 23, 2008) (citations and quotation marks omitted). Given the "strong interest in finality of judgments, motions for reconsideration should be granted sparingly." *Id.* (citing *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

Plaintiffs point to four "clear errors" in the Court's Opinion, but none warrant the Court's reconsideration. First, Plaintiffs assert that the Court erroneously stated that the Complaint includes both individual and class action claims, whereas Plaintiffs intended the Complaint to be construed solely as a class action. (Pl.'s Mot. for Recons. 2.) We question whether this characterization was in fact erroneous, given that the Complaint states, "Plaintiff Linda Valerino brings this action on her own behalf and as Agent of a Class of persons similarly situated . . . ." (Compl. ¶ 156.) However, to the extent that the Complaint is solely a class action, any error in construing the Complaint to include individual claims is immaterial, because courts analyze the appropriate venue for class actions based on the claims of "each individual named plaintiff" comprising the class. *Turnley v. Banc of Am. Inv. Servs., Inc.*, 576 F. Supp. 2d 204, 212 (D. Mass. 2008) (citing *Quarles v. Gen. Inv. & Dev. Co.*, 260 F. Supp. 2d 1, 13 (D.D.C. 2003) and *Dukes v. Wal-Mart Stores, Inc.*, No. 01-2252, 2001 WL 1902806, at *2 (N.D. Cal. Dec. 3, 2001)).

Second, Plaintiffs assert that the Court erroneously stated that Plaintiff Bohn's retaliation claim is based solely on his wife's ongoing discrimination claims. (Pl.'s Mot. 2.) To the contrary, although we stated in a footnote that, "[u]nlike the other Plaintiffs, Plaintiff Bohn alleges retaliation based on his wife's ongoing discrimination claims[,]" (Op. & Order, May 31, 2011, at 1 n.2), Plaintiff Bohn was implicitly included in the above-the-line text describing the Plaintiffs' Complaint as alleging "individual and class-based gender discrimination, retaliation, and hostile work environment claims," (*id.* at 1.) Furthermore, our Opinion clearly considered Bohn's claims in analyzing the third prong of Title VII's venue provision, which looks to where a plaintiff would

have worked but for the discrimination, (*see id.* at 5 ("Plaintiff Bohn applied for positions in Boston, MA, and Portland, ME.")). Therefore, Plaintiff cannot credibly claim that we mischaracterized Bohn's claims as based solely on his wife's EEO filings.

Third, Plaintiffs assert that this Court should have used the principal office of the U.S. Attorney General, rather than that of the U.S. Marshal's Service ("USMS"), in applying the "fallback" venue provision under 42 U.S.C. 2000e-5(f)(3). (Pl.'s Mot. 3.) However, this argument ignores the fact that Plaintiffs are suing Attorney General Eric Holder in his official capacity with respect to claims brought against USMS. An official-capacity suit is simply an alternative way to plead an action against the entity for which the named official is an agent. *Lekich v. Pawlowski*, 361 F. App'x 322, 325 (3d Cir. 2010). Moreover, this issue is immaterial because we stated in our Opinion that the first, second, and third prongs of Title VII's venue statute supported venue in the Eastern District of Virginia, and we merely footnoted the "fallback" provision as an alternative basis for our holding. (*See* Op. & Order 7.)

Fourth, Plaintiffs assert that although the Court stated that the Career Board is located at USMS headquarters, "it is Plaintiffs['] position that the Career Board members are located throughout the nation . . . ." (Pl.'s Mot. 3.) That Career Board members may be located elsewhere does not change the fact that the USMS Merit Promotion process—which is the crux of Plaintiffs' Complaint—is administered in Arlington, VA. (*See* Op. & Order 4 (citing Callaghan Decl. ¶¶ 7 – 9 [docket # 10-1]).)

Plaintiffs further argue that manifest injustice will result from this Court's unduly narrow view of the term "USMS Merit Process." (Pl.'s Mot. 3–4.) They argue that this term should be interpreted to include, among other things, the steps the Plaintiffs took to prepare their promotion applications. (*Id.* at 4.) They support this definition with exhibits taken from a separate discrimination case Plaintiff Valerino has filed in this Court. (*See id.* at 5–10, Exs. 1–8); *see also*

*Valerino v. Holder*, No. 08-0035.  However, Plaintiffs' argument fails for two reasons.  First, the Court already considered Plaintiffs' expansive definition of the USMS Merit Promotion Process and concluded that "none of [the application-related actions] falls within Title VII's venue statute, which looks to where the unlawful employment practice was committed."  (*See* Op. & Order 4.)  Second, Plaintiffs cannot now rely upon evidence that they simply failed to submit as part of their opposition to the original motion to transfer.  Thus, the Court will not revisit the definition of "USMS Merit Process" previously adopted.

Finally, Plaintiffs assert that the interests of justice weigh against transfer, given the "[c]ordial [r]elationship between the U.S. Marshals Service and the Federal Judiciary of the Eastern District of Virginia." (Pl.'s Mot. 10.)  Specifically, Plaintiffs assert that (1) former USMS director Henry Hudson is now a judge in the Eastern District of Virginia; (2) former USMS director John Clark was the U.S. Marshal for the Eastern District of Virginia; and (3) the current USMS director Stacia Hylton was a Deputy U.S. Marshal in the Eastern District of Virginia and was sworn in by Judge Claude Hilton of the Eastern District of Virginia.  (*Id.* at 11–15.)  The Court does not share Plaintiffs' concern that Eastern District of Virginia judges will be prejudiced in favor of the USMS.  Moreover, we do not see any risk of injustice given the safeguard of recusal under 28 U.S.C. § 455.  Therefore, we need not reconsider our May 31 Opinion & Order on this basis.

For the reasons stated above, and for good cause shown, the Court denies Plaintiffs' motion for reconsideration.  An appropriate order will follow.

       */s/ Anne E. Thompson*
       ANNE E. THOMPSON, U.S.D.J.

Dated   August 29, 2011